
RECEIVED
JUN - 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DANA MCPHERSON | CIVIL ACTION NO.: 06-172 |
| VERSUS | JUDGE DOHERTY |
| CINGULAR WIRELESS, LLC | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Remand [Doc. 11], filed on behalf of plaintiff, Dana R. McPherson, urging that this matter should be remanded to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. Defendant opposes the motion. Briefing has now been completed and the motion has been taken under advisement.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2006, plaintiff, a former employee of Cingular Wireless, LLC ("Cingular"), filed a Petition in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, pursuant to La. Civil Code art. 2315 for unlawful termination and "abuse of right." The petition seeks damages for "back pay and benefits, front pay and benefits or damages for future loss of earnings, compensatory damages for emotional and psychological pain and suffering, injunctive or other equitable relief, reasonable attorney fees and expenses, court costs and judicial interest." [Doc. 1, ¶ 12] Following service of the state court petition, defendant timely removed the matter to this court pursuant to 28 U.S.C. §1332 asserting that complete diversity of citizenship exists, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### II. LAW

A party may remove an action from state court to federal court if the action is one over which

the federal court possess subject matter jurisdiction. 28 U.S.C. §1441(a). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. Manguno v. Prudential Property & Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Whether jurisdiction is present for removal purposes is dependent upon the claims in the state court petition as they existed at the time of removal. Id. As the removal statute is to be strictly construed in favor of remand, any ambiguities are construed against removal. Id.

In this case, defendant asserts that federal diversity jurisdiction exists, which requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a)(1). Both parties concede that complete diversity exists; they disagree as to whether the requisite amount in controversy is satisfied.

Because Louisiana law prohibits a party from alleging or demanding a specific monetary amount of damages, the petition in this matter does not indicate the amount sought from defendant. When a petition does not include a specific monetary demand, a removing defendant must establish by a preponderance of evidence that the amount in controversy exceeds $75,000. Manguno at 723. Defendant satisfies his burden if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. Id. If a state statute provides for attorneys fees, such fees are included as part of the amount in controversy. Id (Quoting Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999)).

### III. ANALYSIS

In the instant matter, the only indication of damages on the face of the petition is that "defendant is liable to plaintiff for back pay and benefits, front pay and benefits or damages for future loss of earnings, compensatory damages for emotion and psychological pain and suffering,

injunctive or other equitable relief, reasonable attorney fees and expenses, court costs and judicial interest." [Doc. 1, ¶ 12] Although defendant argues that "plaintiff's State Court Petition on its face indicates that her claim for damages are likely to exceed the jurisdictional amount in controversy," that fact is not apparent to the Court from the face of the petition. As such, defendant must show by a preponderance of the evidence through the use of "summary judgment type evidence" that the amount in controversy exceeds $75,000.

In its opposition memorandum, defendant argues that at the time of plaintiff's discharge, she was earning $33,671 per year, and then conclusorly states that "even one year of lost wages plus fringe benefits and emotional distress damages would likely exceed $75,000." [Doc. 14, p. 3] However, in support of her Motion to Remand, plaintiff submits an affidavit stating she was able to mitigate her damages by gaining other employment less than seven (7) months after her termination by Cingular, and therefore, she claims lost wages in the amount of $20,965. Plaintiff states that her lost fringe benefits do not exceed $2,096, bringing plaintiff's total economic loss to $23,061. While defendant acknowledges plaintiff's affidavit, it nevertheless continues to calculate plaintiff's lost wages for a period of one (1) year, or $33,671. Defendant also states that plaintiff does not include in her affidavit the value of bonus and incentive compensation she received as a Cingular employee. However, it appears that these amounts are designated as "lost fringe benefits" in the affidavit, which plaintiff states do not exceed $2,096. Plaintiff clearly states in her memorandum that her "total economic loss as a consequence of Defendant's actions is $23,061." [Doc. 11-2, p. 3]

As it appears that plaintiff's economic damages total less than one-third (1/3) of this Court's minimum jurisdictional requirement, the bulk of damages must be found in plaintiff's claim for "emotional and psychological pain and suffering." [Doc. 1, p. 12] Defendant has put forth no evidence whatsoever whereby this Court could place a value on plaintiff's emotional damages.

Plaintiff, on the other hand, cites this Court to Louisiana cases involving factually similar employment related claims for emotional distress damages tending to show that the maximum general damage awards in such cases range from $20,000 to $40,000. Plaintiff then states:

> Total economic damages in this case do not exceed $23,061. Compensatory general damages do not exceed $40,000. La. Civil Code art. 2315 does not provide a statutory basis for an award of attorneys fees. The federal district court therefore lacks original jurisdiction under 28 U.S.C.A. §1332, and the case should be remanded at defendant's cost.

[Doc.11-2 , p.3] This Court agrees with plaintiff.

### III. CONCLUSION

As defendant has failed to carry its burden of proof and show by a preponderance of the evidence that damages in this matter exceed $75,000, and any ambiguities are to be construed against removal and in favor of remand, plaintiff's Motion to Remand [Doc. 11] is GRANTED.[1]

THUS DONE AND SIGNED in Lafayette, Louisiana this 5 day of June, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] Defendant argues throughout its brief that this Court should require plaintiff to file a "binding stipulation which limits her recovery with 'legal certainty' to less than $75,000." Defendant cites Manguno, *supra* in support of its position. Defendants reliance on Manguno is misplaced. While the Court in Manguno did state that that case should be remanded only if plaintiff could prove to a legal certainty that a recovery would fall below $75,000, and suggested that one way plaintiff could establish that fact was by filing a binding stipulation limiting her recovery, the Court made these statements after defendant had proven by a preponderance of the evidence that the jurisdictional amount had been met. Here, defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court would additionally point out that in order to necessitate remand, it is not necessary for the Court to affirmatively find that plaintiff is seeking less than $75,000 – it is sufficient that the matter be ambiguous. Manguno, *supra*. As defendant has filed to meet its burden, the Court finds that it is inappropriate to require plaintiff to enter into a binding stipulation capping her damages at $75,000.